Willie L. FRIZZELL, Plaintiff,

v.

AUTAUGA COUNTY BOARD
OF EDUCATION, et al.,
Defendants.

Civil Action No. 97–D–759–N.

United States District Court,
M.D. Alabama,
Northern Division.

June 20, 1997.

Anita L. Kelly, Kenneth Lamar Thomas, Montgomery, AL, for Plaintiff.

Clifford W. Cleveland, Prattville, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the Court is defendants' motion to dismiss filed May 21, 1997. Plaintiff filed a response on May 28, 1997. After carefully considering the arguments of counsel, the relevant case law and the record as a whole the Court finds that defendants' motion is due to be granted.

### BACKGROUND

Construing all the allegations in the complaint as true, *see Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), the Court finds the following facts control the disposition of defendants' motion. The plaintiff is a tenured employee at Autaugaville High School in Autauga County, Alabama. On or about April 8, 1997, the Autauga County Board of Education ("Board") voted to propose cancellation of plaintiff's employment contract. On this same day the Board sent plaintiff a letter notifying him of the basis for the proposed cancellation and setting a hearing for April 29, 1997. On April 14, 1997, plaintiff requested that the Board make available any documents they

were relying on to support the proposed cancellation as well as the names of any witnesses the Board expected to call. On April 23, 1997, plaintiff received the Board's witness list which identified twenty-eight individuals as potential witnesses. On April 25, plaintiff deposed two of the Board's witnesses. On April 28, plaintiff received copies of the documents the Board intended to rely upon to support the proposed cancellation. On this same day, plaintiff requested and was granted, a continuance of the cancellation hearing until May 13, 1997. Also on April 28, plaintiff noticed the depositions of several school officials. The next day, April 29, plaintiff notified the Board that he wanted to depose the Board's witnesses. On May 7, the Board notified plaintiff that no further depositions would be permitted. The plaintiff was not permitted to depose any other Board witnesses.

Plaintiff filed this action May 12, 1997. Plaintiff claims that defendants have violated the provision of 42 U.S.C. § 1983 by depriving him of his due process rights secured by the Fourteenth Amendment to the United States Constitution. Specifically, plaintiff contends that he is entitled to depose the Board's witnesses before the cancellation hearing occurs. Plaintiff seeks declaratory and injunctive relief which will establish and preserve his alleged right to depose the Board's witnesses prior to the hearing.

## DISCUSSION

■ Defendants do not dispute that under the Alabama Teacher Tenure Act, Ala.Code § 16–24–1 et seq., plaintiff has a property interest in his continued employment. See Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) (holding that state law determines existence of property interest). In Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) the Supreme

Court held that an employee's property interest in continued employment cannot be deprived without appropriate procedural safeguards. Id. at 541, 105 S.Ct. at 1492–93. The question now before the Court is whether those procedural safeguards entitle plaintiff to depose the Board's witnesses prior to the cancellation hearing.

■ Plaintiff appears to argue that the scope of his procedural due process rights is defined by Ala.Code § 16–24–9 and that that Code section entitles him to depose the Board's witnesses prior to the cancellation hearing. Plaintiff is mistaken. "[A] state statute does not define the process due under the federal Constitution.... Even if the statute has been violated, that does not prove a violation of a federal constitutional right." Harris v. Birmingham Bd. of Educ., 817 F.2d 1525, 1527 (11th Cir.1987). To prevail on his claim under 42 U.S.C. § 1983, plaintiff must demonstrate defendant violated plaintiff's federal constitutional rights. Id.

■ "The essential requirements of due process ... are notice and an opportunity to respond. The tenured public employee is entitled to written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Loudermill, 470 U.S. at 546, 105 S.Ct. at 1495. Here, the record is clear that plaintiff received notice of the charges against him,[1] the names of the witnesses the Board expected to call and copies of the documents which the Board intended to rely upon to support its proposed cancellation. This is all the process plaintiff is due under the federal Constitution. Plaintiff cites no authority, nor has the Court found any authority, which supports the proposition that plaintiff has a due process right to depose the Board's witnesses prior to the cancellation hearing. Whether plaintiff is entitled, under Ala.Code § 16–24–9, to depose the Board's witnesses is a question left to

---

1. In his brief, plaintiff argues that defendants failed to provide him with adequate notice of the charges against him. See Pl.'s Br. at 4. Plaintiff, however, did not raise this claim in his complaint. See Comp. ¶¶ 34–37. Plaintiff has deposed two of the Board's key witnesses and received copies of the documents the Board intends to rely upon to support cancellation of plaintiff's contract. If, despite the receipt of all this information, plaintiff contends he still has not received adequate notice of the charges against him, plaintiff may file a second complaint stating such a claim. However, the Court cautions plaintiff to carefully consider whether such a claim is meritorious.

Alabama's state courts. For purposes of this inquiry, however, it suffices to say that plaintiff has not alleged a violation of his constitutional due process rights as guaranteed by the Fourteenth Amendment.[2]

### ORDER

For the reasons set forth above, it is CONSIDERED and ORDERED that defendants' motion to dismiss be and the same is hereby GRANTED.

It is further CONSIDERED and ORDERED that all costs herein incurred be and the same are hereby taxed against the plaintiff, for which let execution issue.

---

**2.** In his brief, plaintiff claims that he will suffer a deprivation of due process because the Board is biased and, thus, cannot serve as an adequate decision-maker. *See* Pl.'s Br. at 6–8. However, the Court does not reach this issue because plaintiff failed to raise this claim in his complaint and because the claim, if any, is premature.